## SECOND DEPARTMENT, MARCH, 1928.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOLETO CONSTRUCTION CORPORATION and Another, Respondents, v. WILLIAM E. WALSH and Others, Constituting the BOARD OF STANDARDS AND APPEALS, Defendants, Impleaded with BLANCHE B. KING and Others, Appellants. •

*Municipal corporations — New York city — Building Zone Resolution — amended area district map designation rules construed and applied — map legend " line of railroad property " and pointing arrows will not change location of property from " C " area district to " E " area district regardless of area district boundary lines on amended area district map — review and reversal of determination of board of standards and appeals — established area district for property situate on westerly side of East Eighteenth street, between lines 260 feet and 360 feet north of Avenue I, in borough of Brooklyn, is in " C " area district.*

Appeal by the defendants, Blanche B. King and others, from an order of the Supreme Court, entered in the Kings county clerk's office on August 13, 1927, reversing a determination of the board of standards and appeals of the city of New York.

Order sustaining order of certiorari and reversing the determination of the board of standards and appeals affirmed, with fifty dollars costs and disbursements, on opinion of Mr. Justice Cropsey at Special Term. Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

The following is the opinion delivered at Special Term:

CROPSEY, J. Is the property in question in the " C " area district or the " E " area district under the Zoning Resolution?† That is the sole question here. Likewise, it was the sole question before the board of standards and appeals, whose determination is being reviewed. This is to be determined primarily from the map forming a part of the Zoning Resolution, aided by the rules formulated for its interpretation and construction, and such other matters, if any, as appear in the record. But for a legend upon the map, I take it there would be no controversy and that all parties, as much as they might dislike to do so, would have to concede that from the markings on the map the property was in the " C " area. This is plain, or would be, but for the legend which will be mentioned shortly. The area boundaries according to the map designation rules are indicated

* See *ante*, p. ——.— [REP.

† See Building Zone Resolution of City of New York.— [REP.

by heavy black broken lines. Following the boundary between the two areas at the place in dispute and in its vicinity, it is found to run west through Avenue L, then north through East Sixteenth street, thence east through Avenue I, thence north through the center of the block between East Seventeenth street and East Eighteenth street to a point approximately midway between Avenue I and the tracks of the Bay Ridge division of the Long Island railroad, thence east to the easterly side of East Eighteenth street, thence north a short distance, thence east a short distance, thence north another short distance, thence east to the easterly side of East Nineteenth street, thence north another short distance, thence east another short distance to a point between East Nineteenth street and the center of the block between East Nineteenth street and Ocean avenue, thence south along the line indicated between the two last mentioned streets to Avenue L. The property inclosed within this boundary is stated upon the map to be within the " E " area. The property on the other side of the boundary is similarly indicated to be in the " C " area. Another portion of " E " area begins just north of the railroad tracks mentioned from near the middle of the block between East Nineteenth street and Ocean avenue and runs west along the tracks to East Seventeenth street and thence northerly. The boundaries of the first " E " parcel described concededly do not touch the boundaries of the last " E " parcel mentioned at any point. A mere glance at the map makes all this far clearer than any words may make it, and shows that a portion of a " C " area lies between the two " E " areas. But it is claimed a legend makes the area boundaries that otherwise would be very plain, and, as indicated, differently located. The property in question is on the west side of East Eighteenth street, beginning 260 feet north of Avenue I and running north 100 feet to the tracks of the Manhattan Beach division of the Long Island railroad, which run into or branch from the tracks of the Bay Ridge division not far from this property, and extending west and south along the tracks of the Manhattan Beach division which run on a curve at this place to the greatest depth of less than 100 feet. The area boundary first above described runs along the tracks of the last mentioned railroad from Avenue L to Avenue I, and there it leaves the tracks and goes east and then by a series of steps going north and east, all those lines being tangents and all the changes in direction being practically right angles, while the tracks from Avenue I go on a curve in a northeasterly direction until they join the tracks of the other division near East Nineteenth street. All the way from Avenue I to the junction of the two railroad divisions the area boundary is at no place in close proximity to the tracks and not only does not follow their line, but is a substantial distance from them. At two places in this boundary line arrows point, each running from the legend " Line of railroad property." Those point on the " E " area side of the boundary, one at an angle in it in the block north of Avenue I between East Seventeenth street and East Eighteenth street, and the other at the angle in it in the block between East Nineteenth street and Ocean avenue. This legend, it is claimed, pushes the boundary up to the line of the railroad, or, in other words, makes a curved line out of a series of straight ones, forming an irregular flight of steps. The property in question lies north of the boundary and between it and the railroad, both as shown on the map, and so is in the " C " area. But if the boundary is to be shifted because of the legend, it will extend north of the property and thus the latter will be in the " E " area. The question is not without

some confusion, but if an attempt is made to make all the parts of the map, including the legend, mean something, there is little trouble. The difficulty comes from attempting to wholly disregard the area boundary as defined and interpreting the legend as though it referred to the railroad *tracks*, instead of *property*. The rules adopted by the board of estimate and apportionment are in aid of construction. The amended area district map designation rules provide that " 1. An area surrounded by a district boundary line shall be in the area district designated therein, except as otherwise provided by these rules. * * * 3. The precise location of a boundary line is to be interpreted as follows: (a) In cases where the district boundary is within a block and extends along the direction of the length thereof and no fixtures are shown, said boundary shall be deemed located 100 feet from the bounding street lying within the less restrictive district. (b) In cases where the district boundary is within a block and extends along the direction of the width thereof and no fixtures are shown, said boundary shall be deemed located 100 feet from the nearest street. (c) In cases where the boundary line is shown as being located a specific distance from a street line, this distance shall control. (d) In cases where the boundary line is given a position within a street, it shall be deemed to be in the center of the street. (e) In cases where a boundary line is shown as adjoining a railroad, unless otherwise fixed, it shall be deemed to coincide with the boundary line of the railroad right of way. * * *."* From the foregoing the boundary line, after it leaves East Sixteenth street and goes east along Avenue I, has a fixed location which shows plainly it does not " coincide " with the boundary line of the railroad right of way. It does so coincide under the rules where it runs through East Sixteenth street, for there the boundary line is shown " as adjoining a railroad," but it is only where it is so shown that it is to be said to coincide with the line of the right of way. It does not adjoin the railroad after it leaves East Sixteenth street. To make the legend have the effect contended by the intervenors and the board of appeals all the rules of construction and interpretation would have to be disregarded. Then, too, the words of the legend, as already pointed out, are different from those used in the rules. The latter refer to and speak of a railroad " right of way," and do not call it " railroad property." If the legend was intended to mean that the line indicated was that of the " right of way " those words would have been used. That they were not is an indication they mean something else, and what this is is quite evident, I think, from the record. While the property in question never belonged to the railroad, at the time the Zoning Resolution was adopted it was owned by a corporation that was a holding company for the railroad. This was the reason for the legend. It was to define more clearly the boundary line by showing it meant along that property, excluding it from the " E " area. Notwithstanding this all seems plain and that the chief engineer of the board of estimate and apportionment stated the property was in the " C " area, the board of appeals held otherwise. Whatever may be the final determination, one of its members is certain to be right, for he decided both ways. I think the board of estimate has placed this property in the " C " area, and that the board of appeals should not have held otherwise. Determination reversed, certiorari order sustained and the appeal taken to the board of appeals denied, with fifty dollars costs to petitioner.

* See Bd. Est. & Apport. City of N. Y. Minutes, 1924, Vol. 7, p. 6855.— [Rep.